**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GOLDEN WEST TRADING, INC., | |
| Plaintiff, | **Civ. Act. No. 25-CV-09835** |
| v. | |
| WK KELLOGG NORTH AMERICA LLC, WK KELLOGG CO and FERRERO INTERNATIONAL S.A., | **STIPULATION AND PROTECTIVE ORDER** |
| Defendants. | |

JOHN P. CRONAN, United States District Judge:

WHEREAS all of the parties to this action (collectively, the "Parties," and individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain nonpublic and confidential material that they may need to disclose in connection with discovery in this case; and

WHEREAS, the Parties, through counsel, agree to the following terms;[1] and

WHEREAS, the Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords only extends to the limited information or items that are entitled, under the applicable legal principles, to confidential treatment; and

WHEREAS, in light of these acknowledgements, and based on the representations of the Parties that discovery in this case will involve confidential documents or information the public disclosure of which will cause harm to the producing Party and/or third party to whom a duty of confidentiality is owed, and to protect against injury caused by dissemination of confidential documents and information, this Court finds good cause for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

IT IS HEREBY ORDERED that any person subject to this Protective Order—including without limitation the Parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Protective Order—shall adhere to the following terms:

---

[1] Defendant Ferrero International, S.A. contests this Court's personal jurisdiction. This Protective Order is made without prejudice to that objection.

1.     As used herein:

(a)          **"Confidential Material"** means any material the public disclosure of which is either restricted by law or, in the good-faith judgment of the Party producing the Discovery Material, will cause harm to the business, commercial, financial, or personal interests of the producing party and/or a third party to whom a duty of confidentiality is owed and that consists of: (i) sensitive business strategy or financial information; (ii) material relating to ownership or control of any non-public company; (iii) business plans, product development information, marketing plans, or trade secrets; (iv) any information of a personal or intimate nature regarding any individual; (v) personnel and payroll records;(vi) information the public disclosure of which would harm proprietary or privacy interests of any party or its employees, clients, vendors, or stakeholder, or be detrimental to the conduct of any party's business or operations; or (vi) any other category of information hereinafter given confidential status by the Court.

(b)          **"Discovery Material"** refers to information of any kind produced or disclosed pursuant to and in course of discovery in the above-captioned action.

(c)          **"Highly Confidential Material – Professional Eyes Only"** means any Discovery Material which a producing party believes to be so highly sensitive that: (i) it is the subject of reasonable efforts to maintain its secrecy; (ii) its disclosure could cause injury to the producing party, including commercial or competitive harm that could not be avoided by less restrictive means; and (iii) it is designated as "Highly Confidential – Professional Eyes Only" for purposes of this litigation. This designation shall be used sparingly and narrowly.

(d)          **"Protected Material"** means any Discovery Material that is designated as "Confidential" or "Highly Confidential – Professional Eyes Only."

(e)          **"Professional"** means the attorneys from the law firms who represents the Parties in this action. It includes any law clerks, paralegals, and other professional personnel retained by the Parties, including experts. It also includes any mediators or arbitrator engaged by the Parties or appointed by the Court in this matter, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto.

2.     Any person subject to this Protective Order who receives from any other person subject to this Protective Order any Protected Material shall not disclose such Protected Material to anyone else except as expressly permitted hereunder.

3.     With respect to the Confidential or Highly Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing entity, person, or that person's counsel may designate such portion as "Confidential" or "Highly Confidential – Professional Eyes' Only" by stamping or otherwise clearly marking as "Confidential" or "Highly

Confidential – Professional Eyes' Only" the protected portion in a manner that will not interfere with legibility or audibility.

4.      With respect to deposition transcripts, a producing entity, person, or that person's counsel may designate such portion as "Confidential" or "Highly Confidential – Professional Eyes' Only" either by (a) indicating on the record during the deposition that a question calls for Confidential or Highly Confidential – Professional Eyes' Only information, in which case the reporter will bind the transcript of the designated testimony (consisting of question and answer) in a separate volume and mark it as "Confidential Information Governed by Protective Order" or "Highly Confidential Information Governed by Protective Order – Professional Eyes' Only"; or (b) notifying the reporter and all counsel of record, in writing, within 30 calendar days after receipt of the deposition transcript, of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated "Confidential" or "Highly Confidential – Professional Eyes' Only," in which case all Counsel receiving the transcript will be responsible for marking the copies of the designated transcript or exhibit (as the case may be), in their possession or under their control as directed by the producing person or that person's Counsel by the reporter. During this 30-day period, the entire deposition transcript will be treated as if it had been designated "Highly Confidential – Professional Eyes' Only."

5.      If at any time prior to the trial of this action, a producing person realizes that some portion(s) of Discovery Material that she, he, or it had previously produced without limitation should be designated as "Confidential" or "Highly Confidential – Professional Eyes' Only," she, he, or it may so designate by so apprising all prior recipients of the Discovery Material in writing, and thereafter such designated portion(s) of the Discovery Material will thereafter be deemed to be and treated as "Confidential" or "Highly Confidential – Professional Eyes' Only" under the terms of this Protective Order.

6.      No person subject to this Protective Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as "Confidential" to any other person whomsoever, except to:

(a) the Parties to this action, their insurers, and counsel to their insurers;

(b) legal counsel retained by the Parties specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

(c) outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services or other litigation support services) that counsel hire and assign to this matter, including computer service personnel performing duties in relation to a computerized litigation system;

(d) any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(f) any person retained by a Party to serve as an expert witness, investigator, consultant, or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(g) stenographers engaged to transcribe depositions conducted in this action;

(h) this Court, including any appellate court, and the court reporters and support personnel for the same;

(i) during depositions or testimony at trial or any hearing, witnesses in this action to whom disclosure is reasonably necessary, provided that Counsel for the Party intending to disclose the information has a good-faith basis for believing such Confidential Material is relevant to events, discussions, communications, or data about which the witness is expected to testify or about which the witness may have knowledge; and

(j) other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered, but such consent shall not be unreasonably withheld.

7.     No person subject to this Protective Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as "Highly Confidential – Professional Eyes" to any other person whomsoever, except to:

(a) counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

(b) any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(c) any person retained by a Party to serve as an expert witness, investigator, consultant, or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(d) stenographers engaged to transcribe depositions conducted in this action; and

(e) this Court, including any appellate court, and the court reporters and support personnel for the same.

8.     Prior to any disclosure of any Protected Material to any person referred to in subparagraphs 6(d), 6(f), 6(g), 7(b), or 7(c) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Protective Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial), at the conclusion of the case, or on demand, whichever comes first.

9.      Any Party who objects to any designation of confidentiality may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, Counsel for all Parties will address their dispute to this Court in accordance with Paragraph 5(C) of this Court's Individual Rules and Practices in Civil Cases.

10.      Recipients of Protected Material under this Protective Order may use such Material solely for the prosecution and defense of this action and any appeals thereto, and specifically (and by way of example and not limitations) may not use Protected Material for any business, disciplinary, retaliatory, commercial, or competitive purpose. Nothing contained in this Protective Order, however, will affect or restrict the rights of any person with respect to its own documents or information produced in this action. Nor does anything contained in this Protective Order limit or restrict the rights of any person to use or disclose information or material obtained independently from and not through or pursuant to the Federal Rules of Civil Procedure.

11.      Nothing in this Protective Order will prevent any person subject to it from producing any Protection Material in its possession in response to a public records request, a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided, however, that such person receiving a request, will provide written notice to the producing person before disclosure and as soon as reasonably possible, and, if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the producing person will have the right to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing person deems it appropriate to do so.

12.      All persons seeking to file redacted documents or documents under seal with the Court shall follow Rule 4(B) of this Court's Individual Rules and Practices in Civil Cases. No person may file with the Court redacted documents or documents under seal without first seeking leave to file such papers. All persons producing Protected Material are deemed to be on notice that the Second Circuit puts limitations on the documents or information that may be filed in redacted form or under seal and that the Court retains discretion not to afford confidential treatment to any Protected Material submitted to the Court or presented in connection with any motion, application or proceeding that may result in an order and/or decision by the Court unless it is able to make the specific findings required by law in order to retain the confidential nature of such material. The Parties will use their best efforts to minimize such sealing.

13.      Any Party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Protected Material itself, and not text that in no material way reveals the Protected Material.

14.      Each person who has access to Protected Material shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such Material and notify the producing party of any unauthorized disclosure of Protected Material in writing within 5 business days of discovering the disclosure. Nothing herein limits any person's rights to seek all appropriate remedies for the unauthorized disclosure of Protected Material.

15.    Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the persons who receive such information and are bound by this Protective Order in a manner that is secure and confidential. In the event that the person receiving PII experiences a data breach, she, he, or it shall immediately notify the producing person of the same and cooperate with the producing person to address and remedy the breach. Nothing herein shall preclude the producing person from asserting legal claims or constitute a waiver of legal rights or defenses in the event of litigation arising out of the receiving person's failure to appropriately protect PII from unauthorized disclosure.

16.    If, in connection with this litigation, a Party discloses information subject to a claim of attorney-client privilege or attorney-work product protection or other applicable privilege, whether inadvertently or otherwise ("Disclosed Privileged Material"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege. This Order shall be interpreted to provide the maximum protection afforded by Federal Rule of Evidence 502(d). Therefore, this Order shall not apply Federal Rule of Evidence 502(b) regarding the production of privileged or work-product protected documents, ESI, or information.

17.    Nothing herein limits a party's right to conduct a review of documents, ESI, or information (including metadata) for relevance, responsiveness or segregation of privileged or protected information before production.

18.    The receiving party must return or destroy all copies of any documents subject to claims of privilege described in paragraph 16 within 5 business days of being notified of their disclosure and provide the producing party with written confirmation that the Disclosed Privileged Material have been destroyed or returned. The producing party must also provide a privilege log explaining the basis for the assertion of the privilege within 5 business days of asserting a clawback.

19.    Federal Rule of Civil Procedure 26(b)(5)(B) shall govern the clawback of Disclosed Privileged Material.

(a)    If a producing party requests the return of such Disclosed Privileged Material then in the custody of another party, the receiving party shall within 5 business days of receipt of written notice: (i) conduct a reasonable search and inquiry to identify all copies of Disclosed Privileged Material including inclusion of Disclosed Privileged Material in work product; (ii) destroy or return to the producing party the Disclosed Privileged Material and all copies thereof; and (iii) provide a certification of counsel that all of the Disclosed Privileged Material has been returned or destroyed.

(b)    If the receiving party contests the clawback, the receiving party shall notify the producing party within 5 business days that it wishes to challenge the claim of privilege or work product protection. The substance of the document shall not be reviewed once the producing party notifies the receiving party of the clawback. The Parties agree to meet and confer regarding the claim of privilege. If, at the conclusion of the meet and confer process, the Parties are still not in agreement, they may bring the issue to the Court.

(c)    Disclosed Privileged Material that is sought to be reclaimed by the Parties to this action pursuant to this Order shall not be used as grounds by any third party to argue that any waiver of privilege or protection has occurred by virtue of any production in this case.

20.    The disclosing party retains the burden of establishing the privileged or protected nature of any disclosed information. Nothing herein limits the right of any party to request an *in camera* review of such documents.

21.    This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Protected Material, and all copies thereof, shall be promptly returned to the producing person or upon written notification to the producing person, destroyed.

22.    All persons subject to this Protective Order acknowledge that willful violation of this Protective Order could subject them to punishment for contempt of Court. This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

23.    The Parties agree to be bound by the terms of this stipulation pending the entry by the Court of this Order, and any violation of its terms shall be subject to the same sanctions and penalties as if this stipulation had been entered by the Court.

[CONTINUED ONTO NEXT PAGE]

SO STIPULATED

Dated: May 14, 2026

/s/ Matthew M. Karlan
Matthew M. Karlan
Nicholas A. Gravante, Jr.
MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY AND POPEO, P.C.
919 Third Avenue
New York, NY 10022
212-935-3000
MKarlan@mintz.com
NGravante@mintz.com

*Attorneys for Plaintiff*

Dated: May 14, 2026

/s/ Jennifer L. McManus
Christopher J. Schneider
Jennifer L. McManus
Erin K. Lane
MILLER JOHNSON
45 Ottawa Avenue SW, Suite 1100
Grand Rapids, MI 49503
(616) 831-1700
schneiderc@millerjohnson.com
mcmanusj@millerjohnson.com
lanee@millerjohnson.com

*Attorneys for Defendants WK Kellogg
North America LLC, WK Kellogg Co,
and Ferrero International S.A*

SO ORDERED:   May 14, 2026

Hon. JOHN P. CRONAN
United States District Court Judge

8