UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GOLDEN WEST TRADING, INC.,

Plaintiff,

-v-

WK KELLOGG NORTH AMERICA LLC, *et al.*,

Defendants.

25 Civ. 9835 (JPC)

OPINION AND ORDER

JOHN P. CRONAN, United States District Judge:

Currently before the Court are three discovery-related motions. First, Plaintiff Golden West Trading, Inc. ("GWT") moves to compel Defendants WK Kellogg North America LLC and WK Kellogg Co. (together "WKK") to produce documents concerning the negotiation and drafting of the license agreement (the "Contract") underlying this breach-of-contract case. Dkt. 70 ("July Motion"). In connection with the July Motion, GWT also seeks jurisdictional discovery from Ferrero International S.A. ("Ferrero"). *Id.* Second, GWT seeks a conference regarding deficiencies in WKK's production. Dkt. 79. Third, WKK moves to compel GWT to add eight custodians, produce a search-term hit report, and disclose the number of documents it has reviewed. Dkt. 82 ("October Motion"). The Court recently resolved Defendants' motions to dismiss, which entailed, among other things, dismissing Ferrero as a Defendant. *See Golden W. Trading, Inc. v. WK Kellogg N. Am. LLC*, No. 25 Civ. 9835 (JPC), 2026 WL 3407870 (S.D.N.Y. Nov. 10, 2026). The parties agree that GWT's request for jurisdictional discovery in the July Motion is now moot and that the Court should defer resolution of the issues raised in the motion at Docket Number 79 until after December 4, 2026, but maintain that their disputes otherwise "remain 'live' and are ripe for the Court's resolution." Dkt. 86 ("Joint Letter") at 1. For the reasons that follow, the July Motion is

granted except as to the request for jurisdictional discovery. The Court defers resolution of the other two motions until after the parties have met and conferred.

The Court assumes familiarity with the factual background of this case. In short, pursuant to the Contract, GWT obtained the right to sell certain categories of ice cream products bearing WKK's brands. *See Golden W. Trading*, 2026 WL 3407870, at *1-2. In June 2025, WKK purported to terminate the Contract because GWT never sold frozen-novelty products specified in that agreement. *See id.* at *3, *10-13.

Under Federal Rule of Civil Procedure 26(b)(1), a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "In federal actions, discovery should be broad, and all relevant materials which are reasonably calculated to lead to the discovery of admissible evidence should be discoverable." *Stollman v. Williams*, No. 20 Civ. 8937 (JPC), 2022 WL 1772552, at *4 (S.D.N.Y. June 1, 2022) (citation omitted). Further, "[a]lthough not unlimited, relevance, for purposes of discovery, is an extremely broad concept." *Blagman v. Apple, Inc.*, No. 12 Civ. 5453 (ALC) (JCF), 2014 WL 1285496, at *4 (S.D.N.Y. Mar. 31, 2014) (internal quotation marks omitted) (quoting *Chen-Oster v. Goldman, Sachs & Co.*, 293 F.R.D. 557, 561 (S.D.N.Y. 2013)).

The Court agrees with GWT that the negotiation and drafting of the Contract is relevant. In contending otherwise, WKK argues that the Contract is unambiguous and its integration clause makes pre-Contract discovery irrelevant. Dkt. 71 ("July Opposition") at 1. In WKK's view, discovery into extrinsic evidence should wait until "the Court ultimately identifies a specific ambiguity." *Id.* It is true that, under New York law, evidence concerning the purpose behind unambiguous contract provisions is not admissible. *Bank of N.Y. v. First Millennium, Inc.*, 607 F.3d 905, 917 (2d Cir. 2010). Nor may extrinsic evidence be used to create ambiguity in a written

agreement that is complete and unambiguous on its face. *Waldman ex rel. Elliott Waldman Pension Tr. v. Riedinger*, 423 F.3d 145, 150 (2d Cir. 2005).

Even so, courts in this Circuit have repeatedly concluded that extrinsic evidence may be discoverable even absent a finding of ambiguity. "Objections that unambiguous . . . language 'cannot be undermined through extrinsic evidence presents a challenge that goes to admissibility, as opposed to discoverability.'" *Virtu Fin. Inc. v. AXIS Ins. Co.*, No. 20 Civ. 6293 (GBD) (KHP), 2021 WL 3862857, at *3 (S.D.N.Y. Aug. 30, 2021) (quoting *Certain Underwriters at Lloyd's v. Nat'l R.R. Passenger Corp.*, No. 14 Civ. 4717 (FB), 2016 WL 2858815, at *10 (E.D.N.Y. May 16, 2016)); *Atl. Specialty Ins. Co. v. Miller's Launch, Inc.*, No. 15 Civ. 38 (PKC), 2015 WL 14107167, at *2 (E.D.N.Y. Aug. 13, 2015) ("Courts have frequently declined to foreclose discovery of extrinsic evidence prior to a ruling as to whether the agreement at issue is ambiguous." (collecting cases)). Most of these cases involved insurance coverage disputes, but the same principle extends to commercial contract disputes under New York law. *See Garcia v. Benjamin Grp. Enter. Inc.*, 800 F. Supp. 2d 399, 405 (E.D.N.Y. 2011). This makes good sense. This case is still in relatively early stages of litigation, and the Court has not squarely decided whether each disputed term is unambiguous, so a determination as to the ultimate admissibility of extrinsic evidence would be premature.[1]

[1] As a practical matter, a contrary conclusion would substantially complicate discovery. Under WKK's approach, the Court would have to decide substantial portions of the merits simply to resolve discovery disputes. If the case were referred to a magistrate judge for general pretrial supervision, this would require the magistrate judge deciding whether the contract is ambiguous before resolving a discovery dispute. That question is often dispositive in a breach-of-contract case, and thus falls outside a nondispositive referral. *See Atl. Specialty Ins.*, 2015 WL 14107167, at *2 ("This matter is before the undersigned magistrate judge for purposes of pretrial supervision; no dispositive motion has been filed and the ultimate question of whether the insurance policies are ambiguous has not been referred to this Court."); *Brooks v. Macy's, Inc.*, No. 10 Civ. 5304 (BSJ) (HBP), 2011 WL 1793345, at *2 (S.D.N.Y. May 6, 2011) ("Because the matter has been referred to me for general pretrial supervision and not to resolve dispositive motions, I need not (and cannot) reach the ultimate issue of whether the plan is actually ambiguous.").

Nor is it significant that "neither party claims a Contract term is ambiguous; rather, they advance competing legal interpretations of unambiguous language in a contract with a broad integration clause." July Opposition at 1. GWT is permitted to argue at this stage in the litigation that the unambiguous language of the Contract supports its interpretation without forfeiting its right to argue that extrinsic evidence supports its interpretation should the Court disagree as to unambiguity. It makes little sense "to preclude the development of this potential claim and/or defense" at this point in the litigation. *Garcia*, 800 F. Supp. 2d at 405; *see also Virtu Fin.*, 2021 WL 3862857, at *3 (rejecting the contention that a party's initial argument that a policy's plain meaning supported its position precluded it from later arguing ambiguity). Accordingly, GWT's motion to compel is granted as to documents concerning the drafting history of relevant portions of the Contract.

On the other hand, the Court will defer resolution of WKK's motion. That motion seeks an order requiring GWT to add eight additional custodians, produce a search-term hit report, and disclose the number of documents it has reviewed to date. October Motion at 3. A substantial portion of that dispute relates to timeliness. WKK represented that GWT refused to add additional custodians upon request, "asserting that it is too close to the . . . discovery deadline." *Id.* at 1. GWT's response addresses the burden of adding the requested custodians but leads with the argument that WKK waited until "one business day before the close of document discovery" to submit its request. Dkt. 83 at 1. In light of the parties' joint representation that additional discovery is required, and WKK's position "that their counterclaims will require additional discovery," Joint Letter at 1, the timeliness concerns that framed much of this dispute may no longer apply. The parties will likely have more time to complete document discovery than they anticipated when the motion was briefed. The assertion of counterclaims may also bring in new subject matter, and with it the need for additional custodians, possibly including some or all of the eight individuals WKK

has identified. The parties' positions on burden and proportionality may shift as a result. Accordingly, when the parties meet and confer after WKK files its answer and counterclaims, they shall also confer in good faith to resolve custodian, hit-report, and document-count disputes in light of these developments.

For the foregoing reasons, GWT's motion to compel is granted, except as to the request for jurisdictional discovery, which is denied as moot. The Clerk of Court is respectfully directed to close Docket Number 70. By December 11, 2026, the parties shall submit a joint status update and a proposed discovery plan. That status update should address the status of the issues raised in the motions filed at Docket Numbers 79 and 82.

SO ORDERED.

Dated: November 20, 2026
New York, New York

JOHN P. CRONAN
United States District Judge